■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENT PRYCE, Appellant. [664 NYS2d 77] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered February 27, 1996, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the latter stages of the presentation of the prosecution's case at trial, the defendant asked the court to relieve his assigned counsel because of the defendant's dissatisfaction with the services of counsel. The court declined to accede to this request, which would have necessitated a stay of the trial. After extensive colloquy, the defendant advised the court that he did not want the defense counsel to participate in the examination of the two remaining prosecution witnesses. The defendant left the courtroom of his own volition. The defense counsel

remained in the courtroom but did not raise any objections during the direct examination of the last two prosecution witnesses. After both witnesses had testified, the defense counsel conferred with the defendant. The defendant returned to the courtroom and agreed to permit the defense counsel to continue his representation. Thereafter, both prosecution witnesses were recalled and were cross-examined by the defense counsel in the defendant's presence.

Under the foregoing circumstances, we conclude that the defendant was not deprived of his right to counsel. On the instant record the defendant was not prejudiced, having chosen to leave the courtroom despite the court's repeated entreaties to continue the trial. The defense counsel remained vigilant of the defendant's rights and cross-examined the two witnesses who testified during the defendant's willful absence. Therefore, the defendant was not denied his right to a fair trial. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.